IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ADAN SANDOVAL LOPEZ,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTION FOR RETURN OF PROPERTY<br><br>Case No. 2:10-CR-1028 TS |

This matter is before the Court on Defendant's Motion for Return of Property Pursuant to Criminal Rule 41(g).[1] For the reasons discussed below, the Court will grant in part and deny in part Defendant's Motion.

I.  BACKGROUND

On November 10, 2010, Defendant was indicted on a one-count Indictment alleging possession with intent to distribute methamphetamine.[2]  Defendant subsequently pleaded guilty

---

[1]Docket No. 63.

[2]Docket No. 1.

1

to Count I on June 29, 2011. On October 5, 2011, Defendant was sentenced to 51 months in the custody of the Bureau of Prisons to be followed by 60 months of supervised release.

Pursuant to the Indictment, the Government sought forfeiture of a 2008 Volksagen Jetta and $103,698 in United States currency. A preliminary order of forfeiture was granted as to those items.[3] No claims were made against either of the items provided in the preliminary order of forfeiture and, at the time of sentencing, forfeiture was granted as to the vehicle and currency. Defendant filed the instant Motion on April 9, 2012.

## II. DISCUSSION

Through this Motion, Defendant seeks the return of the following personal property: two cell phones with accessories; one computer with accessories; memory sticks; one wallet containing bank cards, a Mexican voter's registration card, a Mexican passport and a drivers license; and other personal documents.

The Court reads Defendant's Motion liberally because he is acting pro se.[4] It is clear that the Government is "permitted to seize evidence for use in investigations and trial. Nevertheless, the [G]overnment may not by exercising its power to seize, effect a de facto forfeiture by retaining the property seized indefinitely."[5] Pursuant to Federal Rule of Criminal Procedure 41(g): "A person aggrieved by an unlawful search and seizure of property or by the deprivation

---

[3] Docket No. 49.

[4] *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

[5] *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1212-13 (10th Cir. 2001) (internal quotation marks and citations omitted).

of property may move for the property's return." Such a motion must be filed in the district where the property was seized and the Court must receive evidence on any factual issue necessary to decide the motion.[6]

Here, it is undisputed that the property in question was seized in this district. Moreover, the Government does not argue that the property at issue is subject to forfeiture. Thus, there is not a factual dispute regarding Defendant's ownership of the property in question. The Court will therefore grant Defendant's Motion to the extent it seeks the return of property not properly forfeited that is still in the Government's possession.

However, the Court would note that "[w]hile an inmate's ownership of property is a protected property interest that may not be infringed without due process, there is a difference between the right to own property and the right to possess property while in prison."[7] For this reason, the Court will deny Defendant's Motion to the extent it seeks an order directing the Bureau of Prisons to release his personal property to a third-party. If Defendant desires that the Bureau of Prisons take an action in regards to his personal effects, his proper recourse is through the administrative channels provided by the Bureau of Prisons.

III. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Defendant's Motion for Return of Property Pursuant to Criminal Rule 41(g) (Docket No. 63) is GRANTED IN PART AND DENIED IN PART.

---

[6] *See* Fed. R. Crim. P. 41(g).

[7] *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002).

DATED   July 23, 2012.

       BY THE COURT:

       _____
       TED STEWART
       United States District Judge